UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JAMES WALKER,

                Plaintiff,

   -against-

MALICHI R. YOUMAN et al.,

                Defendants.
-----------------------------------------------------------------X

MEMORANDUM & ORDER

02-CV-05957 (NGG) (LB)

GARAUFIS, District Judge.

Plaintiff James Walker ("Plaintiff" or "Walker") is a *pro se* litigant who has brought suit against New York City Police Sergeant Coyles, Officer James Youman, Officer Connor, Officers Doe 1-6, Raymond Kelly, Precinct 100, New York City, and the New York City Police Department under 42 U.S.C. §§ 1983 and 1985, alleging that Defendants illegally searched, seized, and arrested Plaintiff in violation of the Fourth Amendment of the United States Constitution.

At this time, the court considers the Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] For the reasons that follow, the Defendants' motion is granted in part and denied in part.

**I.    Factual Background**

The facts as alleged in the complaint are deemed to be true for the purposes of this

---

[1] Magistrate Judge Lois Bloom noted in an Order that "it appears that only defendants Youman and Coyles have been served with the summons and complaint." (Order, dated Apr. 15, 2005.) To the extent that defendants other than Youman and Coyles have been properly served in this action, this Memorandum and Order is applicable to them.

1

motion. On January 12, 2002, Officers Youman and Connor ("the officers") responded to a 911 call regarding a domestic dispute. (Am. Compl., at 2.) The officers arrived at an apartment shared by Plaintiff and his "common-law spouse" Julie Stephens. Plaintiff was not present, and the officers spoke with Stephens, who told the officers that Plaintiff waived a handgun at her and threw a bowl of cereal on her because she refused to permit him to use her automobile. (Id.) The Plaintiff asserts, and I deem as true for the purposes of this Memorandum and Order ("M&O"), that he never did so. The officers found Plaintiff on Beach 86th Street, in Rockaway Beach in New York. The officers stopped Plaintiff, who denied having anything other than a verbal altercation with Stephens. (Id.) The officers searched Plaintiff without consent, and found no weapon on his person or any other items of note beyond three cellular phones. (Id.) The officers, with Plaintiff, returned to the apartment, where the officers told Stephens that Plaintiff stated that he threw the gun in the apartment. (Id.) Stephens consented to a search of the apartment, which again revealed no gun or other contraband. (Id.)

The officers arrested Plaintiff, detained him for about thirty minutes, then took him to the 100th Precinct. On route, Plaintiff overheard Officer Youman tell another officer that "we are going to have to say that he had a gun, because that will give us probable cause to search him and arrest him." (Id., at 3.) While searching Plaintiff in the stationhouse, Officer Youman produced a "black plastic film holder, which he alleged had fifteen bags of cocaine along with a digital scale," and claimed that it was recovered from Plaintiff's sweatpants. (Id.) According to the Plaintiff's Amended Complaint, the five arresting officers, including Officers Youman and Connors, and Sergeant Coyles, were aware that the final report contained the false allegation that Plaintiff had a gun in his possession at the time of the arrest. (Id.)

As a result, Plaintiff was charged with criminal possession of a weapon in the fourth degree, menacing in the second degree, and "possession of [a] controll[e]d substance in [the] third degree and [possession of] drug paraphernalia." (Id., at 2.) However, the prosecution only obtained an indictment on the drug related offenses. (Pl.'s Aff. Opp. Mot. Dismiss, at 2.) The Plaintiff's Section 1983 and 1985 claims seeking damages of $25 million ensued.

On February 4, 2003, Magistrate Judge Lois Bloom granted Defendants' request to stay the claims pending the resolution of Plaintiff's criminal proceedings. On March 22, 2005, Plaintiff was convicted of: "Criminal Possession of a Controlled Substance in the Third Degree (Penal Law Section 220.16(1), Criminal Possession of a Controlled Substance in the Fourth Degree (Penal Law Section 220.09(1), and Criminally Using Drug Paraphernalia in the Second Degree (Penal Law Section 220.50(3))." (Frommer Decl., dated Apr. 25, 2005, Ex. C, at 1.) The stay was lifted on April 5, 2005, and on May 2, 2005, Defendants filed the instant Rule 12(b)(6) Motion to Dismiss urging that the Plaintiff's claims be dismissed for failure to state a cause of action upon which relief can be granted. Plaintiff responded to Defendants' motion with an affidavit.[2] This M&O will address the sufficiency of the Plaintiff's constitutional claims.

## II. Discussion

### A. Inadvertent Referral

As a preliminary matter, on October 18, 2005, I issued an Order referring this motion to

---

[2] Plaintiff filed an affidavit in opposition to the instant motion on November 9, 2005, over four months after the response deadline. On July 25, 2005, Magistrate Judge Bloom ordered on Defendants' application that "Plaintiff has failed to oppose defendants' motion. The motion shall therefore be considered unopposed." (Order, July 25, 2005; see Def.'s Ltr., dated June 29, 2005.) Because Defendants submitted evidence outside the pleadings, in the interests of fairness and leniency toward *pro se* litigants, I shall consider the Plaintiff's submission.

Magistrate Judge Lois Bloom for a Report and Recommendation. (Order, dated Oct. 18, 2005.) However, this Order was incorrectly docketed. I now rescind this Order, and shall proceed to decide the instant motion.

**B.      Standard of Review**

In reviewing a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999). The complaint may be dismissed only if "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hoover v. Ronwin, 466 U.S. 558, 587 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In deciding such a motion, the "issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996) (internal quotations omitted).

Because Plaintiff is proceeding *pro se*, his pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

Although the defendants have moved to dismiss the claims pursuant to Rule 12(b)(6), a court may convert a 12(b)(6) motion to dismiss into a motion for summary judgment pursuant to

Rule 56 when "matters outside the pleading are presented to and not excluded by the court." Fed. R. Civ. P. 12(b). Here, both the Defendants and the Plaintiff have submitted evidence outside the pleadings for the court's consideration.

In order for this court to convert Defendants' motion into one for summary judgment, Rule 12(b) requires that the Plaintiff be given sufficient notice of the court's intention to do so. See Fed. R. Civ. P. 12(b); see also In re G. & A. Books, Inc., 770 F.2d 288, 294-5 (2d Cir. 1985). Although adequate notice is mandatory, the conversion process is "governed by principles of substance rather than form." Books, 770 F.2d at 295. "The essential inquiry is whether the [opposing party] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings. Id.; see also Corcoran v. New York Power Authority, 935 F. Supp. 376, 383 (S.D.N.Y. 1996).

I am mindful in the present case of the fact that the Plaintiff is a *pro se* litigant and that "'[n]otice is particularly important when a party is proceeding *pro se* and may be unaware of the consequences of his failure to offer evidence bearing on triable issues.'" Corcoran, 935 F. Supp. at 383 (quoting Beacon Enterprises, Inc. v. Menzies, 715 F.2d 757, 767 (2d Cir. 1983)). "However, a 'party cannot complain of lack of reasonable opportunity to present all material relevant to a motion for summary judgment when both parties have filed exhibits, affidavits, counter-affidavits, depositions, etc. in support of and in opposition to a motion to dismiss.'" Smith v. Redound Indus., Inc., 1997 WL 103939, *1 (E.D.N.Y. 1997) (quoting Books, 770 F.2d at 295).

With the instant motion, Defendants submitted a Declaration annexing an Exhibit

5

regarding convictions obtained against Plaintiff after the filing of the Complaint. (See Defs.' Ex. C). Furthermore, Defendants served Plaintiff with both the motion and the Declaration, as well as an Eastern District of New York Local Rule 12.1 Notice, in which Defendants informed Plaintiff of their submission of written materials to support their motion, and that Plaintiff's complaint could be dismissed if he did not file a sworn affidavit. A copy of Federal Rule of Civil Procedure 56 was also attached. (Defs.' 12.1 Notice, at 1-3; see E.D.N.Y. Local Rule 12.1.) In response, Plaintiff submitted an affidavit conceding his convictions but asserting their illegal basis. (See Pl.'s Aff. Opp. Mot. Dismiss).

Based on these submissions, it is fair to conclude that the Plaintiff had sufficient notice that this court would consider extraneous materials and that he had a reasonable opportunity to submit facts outside the pleadings. See Books, 770 F.2d at 295; Smith, 1997 WL 103939 at *1. Moreover, Plaintiff was on notice after he consented to a stay in this suit pending the resolution of the criminal matter that the disposition of the criminal proceedings against him would be material to the instant motion. Conversion of Defendants' motion to dismiss into a motion for summary judgment is therefore appropriate, and material outside the pleadings is properly considered by this court. The Defendants will prevail on summary judgment only if, with all ambiguities resolved and all reasonable inferences drawn against the Defendants, there is no genuine issue as to any material fact and the Defendants are entitled to judgment as a matter of law. See Flanigan v. General Elec. Co., 242 F.3d 78, 83 (2d Cir. 2001).

### C. Plaintiff's Section 1983 Claim

Title 42 of the United States Code, Section 1983 allows citizens to sue a state official for the depravation of "any rights, privileges, or immunities secured by the Constitution and laws

6

[of the United States]." 42 U.S.C. § 1983. Section 1983 does not create new rights; it merely provides a mechanism "for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citations omitted).

To maintain a cause of action under Section 1983 for false arrest, a plaintiff must show that (1) defendant intended to confine plaintiff; (2) plaintiff was conscious of the confinement; (3) plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. See Weyant v. Okst, 101 F.3d 845, 852-3 (2d Cir. 1996). A showing of probable cause, however, will defeat a false arrest claim as a matter of law as "[t]here can be no federal civil rights claim for false arrest where the arresting officer had probable cause." Singer v. Fulton County Sheriff, 63 F.3d 110, 118-19 (2d Cir. 1995); see also Weyant, 101 F.3d at 852. Probable cause is determined based upon the totality of the circumstances at the time of the arrest. See Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994). In some cases, however, an examination of the totality of information known to the arresting officer at the time of arrest is not required.

When a Section 1983 plaintiff is convicted after trial on the underlying charge, see Cameron v. Fogarty, 806 F.2d 380, 388-89 (2d Cir. 1986), these facts *alone* provide sufficient evidence that probable cause existed at the time of the arrest and preclude a false arrest claim under Section 1983. See Thomas v. Roach, 165 F.3d 137, 144 (2d Cir. 1999); Butron v. County of Queens Police Dept. 110 Precinct, No. 94 Civ. 2675, 1996 WL 738525, *2 (E.D.N.Y. Dec. 23, 1996) ("Simply, federal courts, in false arrest actions under section 1983, should not be burdened with a collateral estoppel factual inquiry in the face of a guilty plea[.]"); People v. Thomas, 53 N.Y.2d 338, 344 (N.Y. 1981) (under New York law a plea of guilty serves as a conviction). The

law is clear: if the plaintiff in a civil rights action alleging false arrest is convicted by trial or through plea of the underlying charge, his Section 1983 action must be dismissed.

In Heck v. Humphrey, the Supreme Court put forth the law governing Section 1983 claims for damages that attack the validity of arrests or prosecutions. The Court explained:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 486-7 (1994) (emphasis in original). The Heck Court directed that district courts "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. The Defendants' position is that a judgment in favor of the Plaintiff in the instant false arrest action would imply the invalidity of his conviction on the drug charges because that conviction is so closely related to the charges in the case. (Defs.' Mem. Supp. Mot. Dismiss, at 6.)

Plaintiff responds that the criminal trial judge forbade the prosecution from referring to the menacing and weapon possession charges. (Pl.'s Aff. Opp. Mot. Dismiss, at 2.) However, Plaintiff concedes that before the trial there was a Mapp/Dunaway hearing, at which the judge permitted evidence of menacing and criminal possession of a weapon in considering whether there was probable cause for the arrest. (Id.)

I find that Plaintiff's Section 1983 claims related to the allegedly false allegations of possession of drugs and drug paraphernalia are foreclosed by Heck as inextricably linked to his

8

conviction for drug possession. For this court to find that Officer Youman produced the cocaine and a digital scale that were the basis of the convictions and falsely claimed that Plaintiff possessed them upon arrest would necessarily require the invalidation of Plaintiff's convictions. As Plaintiff is collaterally estopped from asserting the invalidity of his convictions, Heck, 512 U.S. at 487, I find that Heck requires this court to dismiss Plaintiff's Section 1983 claim based on false testimony regarding Plaintiff's possession of cocaine and the digital scale.

Regarding the allegations that Officers Youman and Connor concocted Stephen's account of the dispute, and that the officers fabricated Plaintiff's possession of a handgun, either on his person or in his apartment, I find that at present it would be unreasonable from the evidence presented to infer that these allegations do not imply the invalidity of the drug-related convictions. Plaintiff does not allege, either in his pleadings or in his affidavit, that the trial judge after the Mapp/Dunaway hearing found that the arrest was not supported by probable cause. Had the officers fabricated weapon possession and menacing evidence in order to supply the arrest with the requisite probable cause, the drug-related evidence should have been suppressed as tainted under the fruit of the poisonous tree doctrine. Segura v. United States, 468 U.S. 796, 804 (1984); Nardone v. United States, 308 U.S. 338, 341 (1939); Wong Sun v. United States, 371 U.S. 471, 484 (1963); People v. Castillo, 80 N.Y.2d 578, 590, 607 N.E.2d 1050, 1056-67 (N.Y. 1992). The fact that Plaintiff was convicted of the drug-related offenses strongly suggests that the arrest was supported by probable cause. There appears, therefore, to be no issue of genuine material fact that Plaintiff's convictions are necessarily predicated upon the validity of his arrest for handgun possession and menacing.

However, while the weapon possession and menacing evidence was likely suppressed

because the Defendant was never indicted for these charges, there exists a possibility that all evidence obtained during the arrest was thrown out by the judge after the Mapp/Dunaway hearing. As Plaintiff is *pro se*, and there has been no evidence produced with respect to whether the trial judge suppressed the weapon possession and menacing evidence because the arrest was not supported by probable cause, I will deny this aspect of Defendants' motion to dismiss, and grant Plaintiff leave to file additional evidence as to whether the trial judge ruled that the arrest was supported by probable cause.

### D. Plaintiff's Section 1985 Claim

Construing the Plaintiff's papers to make the strongest possible arguments on his behalf, the Plaintiff has alleged in his second cause of action a conspiracy to violate his civil rights. In his Complaint, Plaintiff alleges that the officers conspired to fabricate the discovery of a handgun, cocaine, and a digital scale on Plaintiff's possession and/or in his apartment in order to provide probable cause for Plaintiff's arrest. (Am. Compl., at 2-3.)

42 U.S.C. § 1985 creates a cause of action for a conspiracy to violate civil rights. 42 U.S.C. § 1985. "To state a cause of action under § 1985(3), a plaintiff must allege (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States." Traggis v. St. Barbara's Greek Orthodox Church, 851 F.2d 584, 586-87 (2d Cir. 1988). "Furthermore, the conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999) (quoting Mian v.

10

Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1088 (2d Cir. 1993) (internal citation omitted)).

Plaintiff's Section 1985 claim is similarly controlled by Heck. Although the gravamen of the Heck case was a Section 1983 violation, the Second Circuit has ruled that "[t]he principle established in Heck - that a prisoner-plaintiff may not assert a civil damages claim that necessarily challenges the validity of an outstanding criminal conviction . . . . applies with respect not only to [a] . . . § 1983 claim but also to [a §] 1985(3) [claim] . . . ." Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir. 1999). As Plaintiff's conspiracy claim calls into question the validity of his convictions, I find that Heck applies with equal force to his Section 1985 challenge to his arrest. Therefore, his Section 1985 claim must be dismissed insofar as it alleges false arrest based upon false allegations of possession of cocaine and a digital scale; however I grant Plaintiff leave to offer competent evidence that the trial judge in Plaintiff's criminal proceeding suppressed evidence of the handgun possession and menacing charges because the arrest was not founded upon probable cause.

## III. Conclusion

For the aforementioned reasons, the Defendants' motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which has been converted by this court into a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, is hereby GRANTED in part and DENIED in part.

The Plaintiff's 42 U.S.C. §§ 1983 and 1985 claims alleging false arrest and a conspiracy to violate his civil rights are hereby dismissed as to all Defendants insofar as the claims are

predicated on false testimony regarding Plaintiff's drug-related charges. With respect to the Plaintiff's sections 1983 and 1985 claims alleging fabrication of Plaintiff having menaced Stephens, and of Plaintiff's weapon possession, Defendants' motion to dismiss this claim is denied at this time. The Plaintiff is granted sixty (60) days from the date of the issuance of this Order to submit to the court competent evidence that the trial judge in the Plaintiff's criminal proceedings found that the arrest was not supported by probable cause. The Defendants will have thirty (30) days from the date of the Plaintiff's submission, if any is made, to respond. Upon submissions by all parties, the court will reevaluate this claim.

If the Plaintiff fails to submit within the time period allotted credible evidence demonstrating that the trial judge in his criminal proceedings found that his arrest was not supported by probable cause, Defendants' motion to dismiss shall be granted in its entirety, and this matter shall be dismissed without prejudice to refile in the event that the conviction is "expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487; see Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999).

SO ORDERED.

Dated: March 3, 2006  /s/ Nicholas G. Garaufis
      Brooklyn, N.Y.  Nicholas G. Garaufis
        United States District Judge