UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JAMES WALKER,

                Plaintiff,

  -against-

MALICHI R. YOUMAN et al.,

                Defendants.
----------------------------------------------------------------X

MEMORANDUM & ORDER

02-CV-5957 (NGG) (LB)

GARAUFIS, District Judge.

Plaintiff James Walker ("Plaintiff" or "Walker") is a pro se litigant who brought suit against New York City Police Sergeant Coyles, Officer James Youman, Officer Connor, Officers Doe 1-6, Police Chief Raymond Kelly, Precinct 100, New York City, and the New York City Police Department under 42 U.S.C. §§ 1983 and 1985, alleging that Defendants illegally searched, seized, and arrested Plaintiff in violation of the Fourth Amendment of the United States Constitution.

At this time, I consider three motions before me: (i) the Defendants' Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, specifically Plaintiff's 42 U.S.C. §§ 1983 and 1985 claims alleging fabrication of Plaintiff's menacing and weapon possession charges; (ii) Plaintiff's Motion for Leave to File an Amended Complaint; and (iii) Plaintiff's Motion for Discovery and Sanctions.[1]

---

[1] Magistrate Judge Lois Bloom noted in an Order that "it appears that only defendants Youman and Coyles have been served with the summons and complaint." (Order, dated Apr. 15, 2005.) To the extent that defendants other than Youman and Coyles have been properly served in this action, this Memorandum and Order is applicable to them as well.

With respect to the Plaintiff's § 1983 and § 1985 claims, Defendants' motion is GRANTED; Plaintiff's Motion for Leave to File an Amended Complaint is DENIED in its entirety; and Plaintiff's Motion for Discovery and Sanctions is DENIED in its entirety.

I. **Factual Background**

The facts as alleged in the complaint are deemed to be true for the purposes of this motion. On January 12, 2002, Officers Youman and Connor ("the officers") responded to a 911 call regarding a domestic dispute. (Amended Complaint ("Am. Compl.") at 2.) The officers arrived at an apartment shared by Plaintiff and his "common-law spouse" Julie Stephens ("Stephens"). Plaintiff was not present, and the officers spoke with Stephens, who told the officers that Plaintiff waived a handgun at her and threw a bowl of cereal on her because she had refused to permit him to use her car. (Id.) Plaintiff asserts, and I deem as true for the purposes of this Memorandum and Order ("M&O"), that he never did so. After searching the neighborhood, the officers found Plaintiff on Beach 86th Street, in Rockaway Beach in New York. The officers stopped Plaintiff, who denied having anything other than a verbal altercation with Stephens. (Id.) The officers searched Plaintiff without consent, and found no weapon on his person or any other items of note beyond three cellular phones. (Id.) The officers, with Plaintiff, returned to the apartment, where the officers told Stephens that Plaintiff stated that he threw the gun in the apartment. (Id.) Stephens consented to a search of the apartment, which again revealed no gun or other contraband. (Id.)

The officers arrested Plaintiff, detained him for about thirty minutes, and then took him to the 100th Precinct. En route, Plaintiff overheard Officer Youman tell another officer that "we are going to have to say that he had a gun, because that will give us probable cause to search him and

arrest him." (Id. at 3.) While searching Plaintiff in the stationhouse, Officer Youman produced a "black plastic film holder, which he alleged had fifteen bags of cocaine along with a digital scale," and claimed that it was recovered from Plaintiff's sweatpants. (Id.) According to the Plaintiff's Amended Complaint, the five arresting officers, including Officers Youman and Connors and Sergeant Coyles, were aware that the final report contained the false allegation that Plaintiff had a gun in his possession at the time of the arrest. (Id.)

As a result, Plaintiff was charged with Criminal Possession of a Weapon in the Fourth Degree, Menacing in the Second Degree, Possession of a Controlled Substance in the Third Degree, and Possession of Drug Paraphernalia. (Id. at 2.) However, the prosecutor obtained only an indictment on the drug-related offenses and not the weapons-related charge. (Plaintiff's Affirmation in Opposition to the Motion to Dismiss ("Pl.'s Aff. Opp. Mot. Dismiss") at 2.) On November 4, 2002, Plaintiff's §§ 1983 and 1985 claims seeking damages of $25 million ensued.

On February 4, 2003, Magistrate Judge Lois Bloom granted Defendants' request to stay the claims pending the resolution of Plaintiff's criminal proceedings. On March 22, 2005, Plaintiff was convicted of Criminal Possession of a Controlled Substance in the Third Degree (Penal Law Section 220.16(1)), Criminal Possession of a Controlled Substance in the Fourth Degree (Penal Law Section 220.09(1)), and Criminally Using Drug Paraphernalia in the Second Degree (Penal Law Section 220.50(3)). (Frommer Declaration dated Apr. 25, 2005 ("Frommer Decl."), Ex. C at 1.) The stay was lifted on April 5, 2005, and on May 2, 2005, Defendants filed a Rule 12(b)(6) motion to dismiss urging that Plaintiff failed to state a cause of action upon

which relief could be granted. Plaintiff responded to Defendants' motion with an affidavit.[2]

In an M&O dated March 3, 2006, I addressed the sufficiency of the Plaintiff's constitutional claims, converted Defendant's 12(b)(6) motion to dismiss into a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and granted Defendant's motion in part and denied Defendant's motion in part. See Walker v. Youman, 2006 WL 525921, at *1. Specifically, I dismissed Plaintiff's 42 U.S.C. §§ 1983 and 1985 claims alleging false arrest and a conspiracy to violate his civil rights as to all Defendants insofar as the claims were predicated on false testimony regarding Plaintiff's drug-related charges. I dismissed Plaintiff's §§ 1983 and 1985 claims that related to the allegedly false charges of possession of drugs and drug paraphernalia. Id. at *5. Furthermore, regarding the allegations that Officers Youman and Connor concocted Stephens's account of the dispute and that the officers fabricated Plaintiff's possession of a handgun, either on his person or in his apartment, I held that it would be "unreasonable from the evidence presented to infer that these allegations do not imply the invalidity of the drug-related convictions." Id. As I further found: (i) Plaintiff did not allege, either in his pleadings or in his affidavit, that the trial judge after the Mapp/Dunaway hearing found that the arrest was not supported by probable cause; and (ii) had the officers fabricated weapon possession and menacing evidence in order to supply the arrest with the requisite probable cause, the drug-related evidence should have been suppressed as tainted under the "fruit

---

[2] Plaintiff filed an affidavit in opposition to the motion to dismiss on November 9, 2005, more than four months after the response deadline. On July 25, 2005, Judge Bloom found that "Plaintiff has failed to oppose defendants' motion. The motion shall therefore be considered unopposed." (Order, July 25, 2005; see Def.'s Ltr., dated June 29, 2005.) Because Defendants submitted evidence outside the pleadings, in the interests of fairness and leniency toward pro se litigants, I considered the Plaintiff's submission.

4

of the poisonous tree" doctrine. Id.

Accordingly, with respect to the Plaintiff's §§ 1983 and 1985 claims alleging fabrication of Plaintiff's having menaced Stephens and of Plaintiff's weapon possession, I denied Defendants' motion to dismiss those claims at that time and granted Plaintiff sixty days to submit to the court competent evidence, if any, that the trial judge in Plaintiff's criminal proceedings found that the arrest was not supported by probable cause. Id. at *11-12. I held that I would reevaluate this claim upon submissions by all parties. Id. I specifically noted that if Plaintiff failed to submit such evidence within the time period allotted I would then grant Defendants' motion in its entirety and dismiss the matter without prejudice to refile in the event that the conviction is "expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id.

Although Plaintiff had sixty days from March 3, 2006 to submit additional credible evidence to the court, Plaintiff did not further contact the court until August 11, 2006, more than sixty days later, at which time Plaintiff requested an extension of time to respond without presenting the court with a good-faith basis for his failure to timely comply with the M&O or indicating whether he had any such evidence. I nevertheless granted Plaintiff's request for an extension until September 22, 2006. (M&O dated August 23, 2006 at 1-2, docket entry #36.) Plaintiff thereafter filed with the court after the deadline again, on September 25, 2006, and Defendants opposed that filing on October 10, 2006.

On October 30, 2006, Plaintiff further moved for leave to file an amended complaint to add seven additional defendants: "Lt. Patrick Leonard, Sergeant Seaman, Officer[]s Rockline,

[K]rutsche, Abbanato, Klotche, [and] Lang." Defendants opposed Plaintiff's motion to file an amended complaint on November 13, 2006. On December 26, 2006, Plaintiff moved to compel discovery and for sanctions, which Defendants opposed by letter dated January 23, 2007.

**II.     Discussion**

    **A.     Motion to Dismiss 42 U.S.C. §§ 1983 and 1985 Claims**

        **1.     Standard of Review**

I employ the same standard of review in this M&O as I did in my previous order in response to Defendant's instant motion, see Walker, 2006 WL 525921, at *2, and continue to deem Defendant's motion to dismiss converted into a motion for summary judgment. I further continue to hold that material outside the pleadings is properly considered by this court. Under this standard, Defendants will prevail on summary judgment only if, with all ambiguities resolved and all reasonable inferences drawn against Defendants, there is no genuine issue as to any material fact and Defendants are entitled to judgment as a matter of law. See Flanigan v. General Elec. Co., 242 F.3d 78, 83 (2d Cir. 2001).

        **2. Production of Required Credible Evidence**

Plaintiff has failed to produce credible evidence that the trial judge suppressed evidence of the handgun and menacing. While I granted Plaintiff leave to present such evidence to the court, he has instead taken a second opportunity generally to challenge the legality of his arrest and – in contravention to my M&O dated March 3, 2006, see Walker, 2006 WL 525921 at *12 – argue that the trial judge, in suppressing the weapon and menacing evidence, precluded exculpatory evidence that would have assisted his defense. (See generally Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment filed on September 9,

6

2006.)

Moreover, in addition to Plaintiff's failure to put forth credible evidence that the trial judge suppressed weapon and menacing evidence due to lack of probable cause, Plaintiff has in fact supplied evidence to the contrary in his own moving papers that suggests that probable cause did in fact exist, though of course I am not herein making a probable cause determination *de novo*. In his Memorandum of Law, Plaintiff specifically admits having a "verbal altercation" with Stephens and that Stephens reported to the police that he threw a bowl of cereal at her and threatened her with a silver handgun. (Pl.'s Opp. Mem. at 2-3.) He also states that Stephens's complaint to police was the cause of his being arrested. (Id.) Thus, Plaintiff's own statements suggest that Defendants had probable cause to arrest him under the clear legal standards of this circuit. See, e.g., Calamia v. City of New York, 879 F.2d. 1025, 1032 (2d Cir. 1989) ("probable cause to arrest exists when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested"); Martinez v. Simonetti, 202 F.3d 625 (2d Cir. 2000) ("it is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness") (citing Miloslavsky v. AES Eng'g Soc'y, 808 F. Supp. 351, 355 (S.D.N.Y.1992), aff'd, 993 F.2d 1534 (2d Cir.1993)).

Thus, Plaintiff has wholly failed to present any credible evidence that establishes that the trial judge suppressed evidence of possessing a weapon and menacing because his arrest lacked probable cause. Because such credible evidence is necessary to overcome the Defendants' motion, under the circumstances, I must therefore conclude that Plaintiff has not put forward any

evidence that he was falsely arrested and dismiss his Section 1983 and Section 1985 claims.

B.   **Plaintiff's Motions to Amend and to Compel Discovery and Sanctions**

I find Plaintiff's motions for leave to file an amended complaint and for discovery and sanctions to be untimely and unresponsive to my earlier M&O dated March 3, 2006, which granted Plaintiff leave to present only credible evidence that the trial judge suppressed evidence of the weapon and menacing charge due to a lack of probable cause, see Walker, 2006 WL 525921, at *12, which Plaintiff has failed to do.

First, regarding Plaintiff's motion to amend, I find his claims against the proposed newly added defendants – "Lt. Patrick Leonard, Sergeant Seaman, Officer[]s Rockline, [K]rutsche, Abbanato, Klotche, [and] Lang" – to be time barred because Plaintiff's allegedly false arrest was on January 12, 2002, more than three years before his October 25, 2006 motion. See Owens v. Okure, 488 U.S. 235 (1989) (holding that § 1983 actions must be brought within three years). Furthermore, because these proposed defendants received neither actual nor constructive notice of the institution of this action within 120 days of the filing of the complaint, see Defendant's Opposition to Plaintiff's Motion for Leave to File an Amended Complaint filed on November 13, 2006, at 2), as required by Federal Rules of Civil Procedure 4(m) and 15(c). I cannot find that this amendment relates back to the date that the original complaint was filed. See Young-Flynn v. Kelly, 234 F.R.D. 70 (S.D.N.Y. 2006) (finding that a party may amend a complaint to add defendants after the expiration of the statute of limitations only if the amendment would "relate back" to the date of the original complaint); Barrow v. Wethersfield Police Dep't., 66 F.3d 466, 468-69 (2d Cir. 1995), modified, 74 F.3d 1366 (2d Cir. 1996) (holding that Rule 15 requires that a plaintiff demonstrate that newly proposed defendants received notice of claims against them

8

within 120 days after the filing of the original complaint in order for the amendment to relate back). That Plaintiff is pro se is immaterial. See Tapia-Ortiz v. Doe, 171 F.3d 150, 152 (2d Cir. 1999) (holding that "even when a suit is brought by a pro se litigant, an amended complaint adding new defendants [cannot] relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities") (citations and internal quotation marks omitted). Plaintiff does not allege that he did not know the names of the proposed additional defendants when he commenced this action, and does not identify when he learned of these individuals' identities. No discovery was permitted or taken, because the case was stayed pending the completion of the Plaintiff's trial, so he cannot have learned about them during discovery. Accordingly, Plaintiff fails to put forth any good-faith basis by which he should be allowed to amend the Complaint to name these individuals as additional defendants. In any event, in my previous M&O, I did not grant Plaintiff leave to amend. Thus, I find that Plaintiff has failed to meet the threshold burdens imposed by both Rules and my previous Order, and I deny his motion for leave to amend the Complaint to add additional defendants.

I similarly find Plaintiff's motion for discovery and sanctions to be unresponsive to my earlier M&O dated March 3, 2006, in which I did not grant the Plaintiff leave to seek discovery. See Walker, 2006 WL 525921, at *12. Plaintiff's application to compel discovery and for Rule 11 sanctions is denied. I also decline to issue sanctions against Plaintiff for "harassing and vexatious litigations tactics," as requested by Defendants. (Defendants' Response and Opposition to Plaintiff's Motion for Discovery and Sanctions at 2.)

III. Conclusion

For the aforementioned reasons, with respect to Plaintiff's 42 U.S.C. §§ 1983 and 1985

9

claims alleging fabrication of Plaintiff's menacing and weapon possession charges, Defendants' Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which I previously converted into a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, is GRANTED. Furthermore, for the aforementioned reasons, Plaintiff's Motion for Leave to File an Amended Complaint is DENIED in its entirety, and Plaintiff's Motion for Discovery and Sanctions is also DENIED in its entirety. I hereby dismiss this entire matter without prejudice to refile in the event that the conviction is expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. The Clerk of Court is directed to close this case. I further direct the Clerk of Court to send, via certified mail, a copy of this M&O, to Plaintiff at his address and to file a copy of the certified receipt and proof of delivery of this mailing with the court.

SO ORDERED.

Dated: June 16, 2007                  /s/ Nicholas G. Garaufis
   Brooklyn, N.Y.                NICHOLAS G. GARAUFIS
                                     United States District Judge